UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE:                                      )
                                            )
ANTHONY WAYNE                               )   Case No. 25-80631
HEADRICK DEVORE,                            )   (Chapter 7)
                                            )
    Debtor.                                )
_____         )
                                            )
ILENE J. LASHINSKY, UNITED                  )
STATES TRUSTEE,                             )
                                            )
    Plaintiff,                             )
                                            )   Adv. No. 25-_____
vs.                                         )
                                            )
ANTHONY WAYNE                               )
HEADRICK DEVORE,                            )
                                            )
    Defendant.                             )

## UNITED STATES TRUSTEE'S
## COMPLAINT SEEKING DENIAL OF DISCHARGE

Ilene J. Lashinsky, United States Trustee for Region 20 and Plaintiff herein (the "U.S. Trustee"), by and through the undersigned counsel, hereby seeks the denial of the bankruptcy discharge of Anthony Wayne Headrick Devore, debtor in the above-styled bankruptcy case and defendant herein (hereinafter, the "Defendant") pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5). In support hereof, the U.S. Trustee alleges and states:

### PARTIES, JURISDICTION AND VENUE

1.    The U.S. Trustee has standing to bring this action pursuant to 11 U.S.C. § 307.

2.    Defendant, debtor in the above-styled bankruptcy case, is an individual currently residing in Bryan County, Oklahoma.

1

3. This complaint is filed pursuant to 11 U.S.C. § 727 and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. § 1409.

7. Pursuant to Fed. R. Bankr. P. 7008, the U.S. Trustee consents to entry of a final order or judgment by the Bankruptcy Court.

## RELEVANT PROCEDURAL BACKGROUND

8. On July 10, 2025 (the "Petition Date"), Defendant filed a voluntary petition for relief (the "Petition") under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Defendant identifies his debts as "primarily business debts."

9. On July 10, 2025, Defendant filed Schedules A-J (collectively, the "Schedules") and the Statement of Financial Affairs (the "SOFA"), which were signed under penalty of perjury.

10. The U.S. Trustee appointed Kelley Loud (the "Panel Trustee") to serve as the chapter 7 panel trustee in Defendant's bankruptcy case.

11. The meeting of creditors ("MOC") was held and concluded on August 6, 2025.

12. At the MOC, Defendant testified under oath that the Petition, Schedules and SOFA were true and accurate.

13. During the MOC, Defendant testified under oath regarding his assets and liabilities.

14. On September 26, 2025, Defendant amended his Schedule A/B ("Amended Schedules") and signed it under penalty of perjury.

15. On December 23, 2025, the U.S. Trustee conducted a Rule 2004 examination ("2004 Examination") of the Defendant.

## FACTUAL BACKGROUND

16. Defendant is a member of several limited liability companies.

17. In his 2004 Examination, the Defendant admitted to disregarding the corporate form of the limited liability companies and admitted that all were intermingled and his personal finances were intermingled among the various entities as well.

18. Defendant admitted at his 2004 Examination that he "didn't keep track of anything."

19. According to Defendants' 2021 tax return, he had gross personal income of over $1.3 million and taxable income of over $1.2 million.

20. The U.S. Trustee has not received Defendants' tax returns for 2022 or 2023 and continues to investigate whether those have been filed.

21. Defendant has failed to file a 2024 tax return.

**Undisclosed Entities**

22. In his Schedules and Amended Schedules, Defendant listed 100% ownership in one limited liability company that is "barely open" as a currently owned interest in an LLC.

23. In his SOFA, he listed three limited liability companies, including the one listed in his Schedules and Amended Schedules, as businesses he owned within 4 years of the Petition Date.

3

24. Defendant failed to disclose at least six business entities in which he held an ownership interest or in which he served as an officer, director, or managing director, either on the Petition Date or within 4 years prior to the Petition Date.

25. USGC Foundation is an Oklahoma not for profit corporation that was formed on or about August 17, 2023 and is currently in existence according to the Oklahoma Secretary of State. Defendant owns all or a part of this entity.

26. Defendant founded The Oklahoma Gamefowl Commission, an Oklahoma not for profit corporation, and served as President until his recent resignation. According to the Oklahoma Secretary of State, The Oklahoma Gamefowl Commission was formed on or about December 28, 2018 and is currently in existence.

27. Defendant is the sole owner of AW2HD2, LLC, an Oklahoma limited liability company. According to the Oklahoma Secretary of State, AW2HD2, LLC, was formed on or about August 11, 2021, and is currently inactive.

28. Defendant is the sole owner of SRMS, LLC, an Oklahoma limited liability company. According to the Oklahoma Secretary of State, SRMS, LLC, was formed on or about August 28, 2023, and is currently inactive.

29. Defendant is the sole owner of First United Solar, LLC, an Oklahoma limited liability company. According to the Oklahoma Secretary of State, First United Solar, LLC, was formed on or about August 28, 2023, and is currently inactive.

30. According to Defendant's testimony at his 2004 Examination, First United Solar, LLC was active as recently as 2024 and Defendant earned income from that entity in 2024 (which income is not disclosed).

31. Defendant is a part-owner of PHD Advocates, LLC, an Oklahoma limited liability company. According to the Oklahoma Secretary of State, PHD Advocates, LLC, was formed on or about August 7, 2023, and is currently inactive.

32. The U.S. Trustee continues to investigate any other entities in which the Defendant may have an interest and reserves the right to supplement or amend this Complaint based upon subsequently discovered facts regarding undisclosed business entities.

**Undisclosed Bank Accounts**

33. Defendant maintained several bank accounts in his personal name that he used for the various limited liability companies.

34. Defendant also maintained bank accounts in his personal name that he and his wife used for personal expenses.

35. Defendant also utilized those bank accounts interchangeably for business and personal expenses.

36. Upon being garnished by a creditor, which garnishment is not disclosed in Defendant's SOFA, he closed several bank accounts and now lives out of a bank account owned solely by his wife.

37. The U.S. Trustee has requested but not received all statements for all bank accounts on which Defendant held signature authority or held a beneficial interest for the two years prior to the Petition Date, which have been requested on two occasions.

38. Despite the requests referenced above, the U.S. Trustee has not received any bank statements for any account covering any months in 2025.

39. The U.S. Trustee is aware of at least six accounts held in Defendant's personal name for which some bank statements were provided.

40. At least three of those accounts, and perhaps more, were open within one year of the Petition Date.

41. The U.S. Trustee has identified six other accounts for which no bank statements have been provided that, upon information and belief, may be owned by the Defendant which were open within one year of the Petition Date.

42. The U.S. Trustee has been unable to determine, based on the lack of production of documents by the Defendant, whether these accounts were open on the Petition Date. These accounts were either open on the Petition Date or were closed in the one year prior to the Petition Date.

43. On the Petition Date and since approximately October 2024, the Defendant benefitted from his wife's bank account by utilizing funds from that account for his living expenses.

44. The Defendant did not disclose any bank accounts in his Schedules or Amended Schedules.

45. The Defendant did not disclose that he closed any bank accounts in the one year prior to filing bankruptcy in response to Item 20 in SOFA.

46. The U.S. Trustee reserves the right to supplement or amend this Complaint based upon subsequently discovered facts regarding undisclosed bank accounts.

**Undisclosed Income**

47. In SOFA Item 4, Defendant stated that he had no income in 2023, 2024, or 2025 to the Petition Date.

48. At the 2004 Examination, Defendant admitted to having more than $93,000 in business income in 2023.

6

49. At the 2004 Examination, Defendant admitted to having at least $17,000 in business income in 2024.

50. None of this income was disclosed in SOFA.

51. The U.S. Trustee continues to investigate whether Defendant had additional undisclosed income in 2023, 2024, and 2025 to the Petition Date and reserves the right to supplement or amend this Complaint based upon subsequently discovered facts regarding undisclosed income.

**Undisclosed Sale of Assets in Year Prior to Petition Date**

52. In the year prior to the Petition Date, Defendant sold numerous assets.

53. Specifically, Defendant testified under oath at his 2004 Examination that he sold a Suburban that he personally owned for $10,000, a 2013 Chevy 2500 that he personally owned for $13,500, a 2008 Chevy van that he personally owned for somewhere between $2,400 and $2,800, and personal computers for an undetermined sum in 2024.

54. Additionally, in June 2025, Defendant testified that he sold a 2005 or 2006 model year van that he personally owned for $5,000.

55. None of those sales are disclosed in Defendant's SOFA Item 18.

56. Nor were the proceeds from any of these sales identified as income in SOFA Item 5.

57. The U.S. Trustee continues to investigate undisclosed sales of assets by the Defendant in the year prior to the Petition Date and reserves the right to supplement or amend this Complaint based upon subsequently discovered facts regarding undisclosed sales of assets.

**Other Non-Disclosures**

58. The Defendant testified at his 2004 Examination that in the two years prior to the Petition Date, he received money from his mother to pay real estate and certain living expenses. No money from his mother was disclosed in SOFA Item 5.

59. Defendant testified at his 2004 Examination that approximately a year and a half before the Petition Date, he purchased a vehicle for his son. This gift was not disclosed in SOFA Item 13.

60. Defendant was involved in a motor vehicle accident on or about August 16, 2024. He maintains an open insurance claim relating to personal injury he sustained in that accident. The insurance claim was not disclosed in Defendant's Schedules or Amended Schedules.

61. Defendant was subject to a garnishment in October 2024. The garnishment was not disclosed in SOFA Item 10.

62. The U.S. Trustee continues to investigate other non-disclosures by the Defendant and reserves the right to supplement or amend this Complaint based upon subsequently discovered facts regarding other non-disclosures.

## COUNT I
## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

63. The U.S. Trustee incorporates and re-alleges the allegations set forth in paragraphs 1 through 62 above, and further states and alleges as follows:

64. Section 727(a)(2) of the Bankruptcy Code provides that the Court may deny a debtor a discharge if the debtor "with the intent to hinder, delay, or defraud a creditor or an officer of the estate . . . has transferred, removed, destroyed, mutilated, or concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition or (B) property of the estate, after the date of the filing of the petition." *See* 11 U.S.C. § 727(a)(2).

8

Case 25-80631   Doc 62   Filed 01/16/26   Entered 01/16/26 12:01:57   Desc Main
Document      Page 8 of 12

65. The U.S. Trustee is informed and alleges that Defendant, with the intent to hinder, delay, or defraud a creditor or officer of the estate, has transferred, removed, and/or concealed assets of the bankruptcy estate, including but not limited to concealing numerous entities and bank accounts, concealing significant amounts of income, transferring assets, including vehicles and computers, in the year prior to the Petition Date and concealing those sales, concealing income received from his mother in the year prior to the Petition Date, concealing the gift of a vehicle to his son, and concealing the existence of a personal injury claim stemming from an automobile accident less than a year prior to the Petition Date.

66. Such transfers, removals, and/or concealments constitute violations of 11 U.S.C. § 727(a)(2); accordingly, Defendant's discharge should be denied.

## COUNT II
## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

67. The U.S. Trustee incorporates and re-alleges the allegations set forth in paragraphs 1 through 66 above, and further alleges and states as follows:

68. Section 727(a)(3) provides that the Court may deny a debtor's discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." *See* 11 U.S.C. § 727(a)(3).

69. The U.S. Trustee alleges that Defendant failed to keep or preserve recorded information regarding his business transactions and income such that it is impossible to determine Defendant's financial condition. He also concealed records relating to bank accounts that have been requested by the United States Trustee on at least two occasions.

70. Additionally, the U.S. Trustee, upon information and belief, alleges that Defendant failed to file tax returns for 2024, and possibly for 2022 and 2023, such that it is impossible to determine Defendant's financial condition.

71. Such failure to keep records constitutes a violation of 11 U.S.C. § 727(a)(3); accordingly, the Defendant's discharge should be denied.

## COUNT III
## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)

72. The U.S. Trustee incorporates and re-alleges the allegations set forth in paragraphs 1 through 71 above, and further alleges and states as follows:

73. Section 727(a)(4) of the Bankruptcy Code provides that the Court may deny a debtor a discharge if the debtor ". . . knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account; (B) presented or used a false claim; . . . [or] (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, books, documents, records and papers, relating to the debtor's property or financial affairs." *See* 11 U.S.C. § 727(a)(4).

74. The U.S. Trustee is informed and alleges that Defendant knowingly and fraudulently made false oaths in this case by numerous non-disclosures in his Schedules, Amended Schedules, and SOFA, signed under penalty of perjury, including but not limited to:

- Non-disclosure of numerous business entities in which Debtor owns an interest or serves as an officer or director;

- Non-disclosure of numerous bank accounts;

- Non-disclosure of income earned in 2023 and 2024;

- Non-disclosure of sales of assets totaling more than $30,000 in the two years prior to the Petition Date;

- Non-disclosure of income received from his mother;

10

- Non-disclosure of the gift of a vehicle to his son;
- Non-disclosure of a personal injury claim relating to a motor vehicle accident that occurred within a year of the Petition Date; and
- Non-disclosure of a garnishment within a year of the Petition Date.

75. Such false oaths and statements constitute violations of 11 U.S.C. § 727(a)(4); accordingly, Defendant's discharge should be denied.

## COUNT IV
## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)

76. The U.S. Trustee incorporates and re-alleges the allegations set forth in paragraphs 1 through 75 above, and further alleges and states as follows:

77. Section 727(a)(5) of the Bankruptcy Code provides that the Court may deny a debtor's discharge if "…the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *See* 11 U.S.C. § 727(a)(5).

78. The U.S. Trustee is informed and alleges that Defendant has failed to satisfactorily explain where certain assets or proceeds have gone, including but not limited to failing to identify bank accounts that he owns and any funds therein, failing to identify where various transfers of funds or withdrawals of cash evident in the bank statements that have been provided went, and failing to provide information regarding the sale of over $30,000 in assets in the two years prior to the Petition Date.

79. Such unsatisfactory explanation of the loss or deficiency of assets to meet Defendant's liabilities constitutes violations of 11 U.S.C. § 727(a)(5); accordingly, Defendant's discharge should be denied.

WHEREFORE, the U.S. Trustee respectfully requests this Court deny the bankruptcy

discharge of Defendant Anthony Wayne Headrick Devore pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and (a)(5), and for such other and further relief as this Court deems just and proper.

Dated: January 16, 2026.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Mary E. Kindelt*
Karen Walsh, OBA No. 14690
Mary E. Kindelt, OBA No. 21728
PO Box 3044
Tulsa, OK 74101
(918) 581-6670
(918) 581-6674 Facsimile
mary.kindelt@usdoj.gov