IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE: )
) Case No. 25-80631
ANTHONY WAYNE HEADRICK DEVORE ) Chapter 7
Debtor. )
)

### CREDITORS, MICHAEL AND TAMERA GEARHART, OBJECTION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

COME NOW the Creditors, Michael and Tamera Gearhart, (hereinafter the "Creditors"), by and through undersigned counsel, and hereby objects to the Debtor's Motion to Avoid Judicial Lien (the "Motion"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### PARTIES

4. Creditors are former clients of the Debtor, Anthony Wayne Headrick Devore (hereinafter "the Debtor), in which said Creditors entered into a business and service contract with Debtor, Anthony Wayne Heaadrick, as the representative, owner, and agent of TEXOMA SOLAR SOLUTIONS, LLC ("Texoma"), an Oklahoma limited liability company doing business in Grady County, Oklahoma, and is a subsidiary of HALL ELECTRIC CONTRACTOR, INC. ("Hall"), an Oklahoma corporation doing business in

Grady County, Oklahoma. Debtor is also the owner, representative, agent, for SUNSET SOLAR & ELECTRIC POWER, LLC ("Sunset"), an Oklahoma limited liability company doing business in Grady County, Oklahoma, a subsidiary of Texoma and/or Hall.

## FACTUAL BACKGROUND

5. Creditors asks this Court to adopt and consider the statements Creditors made in their Adversary Complaint against the Debtor in case no. 25-08023, under the headings "Statement of Facts" and "Objections to Discharge of Debt" in this pleading in addition to the following paragraphs.

6. Creditors contacted Debtor for the installation of a solar panel system at their home located at 1314 County Rd. 1440, Ninnekah, Grady County, Oklahoma 73067.

7. On or about the 11th day of August, 2022, a written contract was entered into by and between Creditors and Anthony DeVore ("DeVore") on behalf of Texoma for services and installation to be completed at the above-described property.

8. Pursuant to the terms of the contract, including the addendum, Texoma was to provide and install 225 black on black Quantum Q Cell Q.PEAK DUO ML-GlO+ 405W solar panels, SMA Sunny Boy inverters, with a minimum of 600 KCMIL direct burial feed wire for the total price of $182,250.00.

9. On or about September 9, 2024, in Grady County case no. CJ-2023-296, MICHAEL GEARHART and TAMARA GEARHART vs. TEXOMA SOLAR

SOLUTIONS, LLC, SUNSET SOLAR & ELECTRIC POWER, LLC, HALL ELECTRIC CONTRACTOR, INC. and ANTHONY DEVORE, Judge Kory Kirkland awarded a judgment in favor of the Creditors against Debtor, Anthony Wayne Headrick Devore, individually, as well as Debtor's business entities that he acted as the owner, agent, represerative of: Texoma Solar Solutions, LLC, Sunset Solar & Electric Power, LLC, in actual damages of $82,405.85, plus service of process fees, court costs, and reasonable attorneys fees totaling $5,122.49, for a total judgment against Debtors Texoma Solar Solutions, LLC, Sunset Solar & Electric Power, LLC and Anthony DeVore, of $87,528.34, increasing at the applicable post-judgment interest rate as set forth by Oklahoma statutes.

10. On September 16, 2024, Creditors filed their valid and perfected judgment lien on the subject property by the filing of the Statement of Judgment against Debtor in the Office of the County Clerk of Grady County, Oklahoma.

11. On September 18, 2024, Creditors filed their valid and perfected judgment lien on the subject property by the filing of the Statement of Judgment against Debtor in the Office of the County Clerk of Bryan County, Oklahoma in order to index said lien against Debtor as judgment debtor and known to own real property in said county.

12. On September 25, 2024, the Creditors filed and recorded a Statement of Judgment against Debtor, with the Carter County Clerk.

13. At the time of filing and recording the above Statements of Judgment, Debtor held title to the subject property. Said judgment was properly recorded on the dates and Counties stated above, thereby creating a valid and perfected judicial lien against Debtor's property.

14. The Debtor filed the above-captioned Chapter 7 case on July 10, 2025.

15. On January 6, 2026, the Debtor filed the Motion seeking to avoid Creditors' judicial lien pursuant to 11 U.S.C. § 522(f).

## OBJECTION AND ARGUMENT

16. Creditors believe that Debtor has failed to establish impairment Under 11 U.S.C. § 522(f). A debtor bears the burden of proving that a judicial lien impairs an exemption to which the debtor would otherwise be entitled.

17. The Motion fails to establish impairment as required by 11 U.S.C. § 522(f)(2).

18. Specifically, the Creditors state that the Debtor has failed to properly value the property, overstated senior liens, and/or claimed an exemption not allowable under Oklahoma law. Said allegations by Creditors are mirrored in the Adversarial Complaint filed by the U.S. Trustee's Office in Adversarial Proceeding case no. 26-08001. [See Lashinsky v. Devore, U.S. Bankruptcy Court for the Eastern District of Oklahoma]

19. Creditors believe that when the property is correctly valued, and senior consensual liens are properly accounted for, Creditors' judicial lien does not impair the Debtor's claimed exemption.

20. Creditors reference *In re Coats*, 232 B.R. 209 (B.A.P. 10th Cir. 1999), U.S. Bankruptcy Appellate Panel, Tenth Circuit, whereby the Court in *Coats* states:

"...Central to Owen's analysis is the proposition that, while federal law permits states to define what property is exempt, federal law governs the availability of lien avoidance, and preempts any state law that limits the scope of its exemptions in a way that would interfere with the "fresh start" policy served by the avoidance of certain types of liens under § 522(f). Under the rationale of Owen, debtors may avoid liens upon property in order to avail themselves of the full benefit of the exemption, notwithstanding state law that purports to except those liens from the exemption...."

21. Creditors state that they have a current and pending Adversarial Proceeding against the Debtor. While the Creditors understand that dischargability of a debt is separate and distinct from whether or not the judicial lien impairs the Debtor's claim for exemption, the Creditors also state and allege that in light of the major allegations of fraud stated in the U.S. Trustee's Adversarial Complaint against the Debtor, that the Debtor should not reap the benefits of said avoidance under the Bankruptcy Code when he has possibly willfully and purposefully stated/submitted false, purposely incorrect, and fraudulent information, as well as not fully disclosing the full extent of his assets and its/their value(s), regarding his filed schedules. And even if he is afforded said protections from this

Court, the Creditors request that any order granted in favor of the Debtor on this issue is only related to the Bryan Co. Property to be known as his homestead and not any other property in that county and not the Carter Co. Property.

22. Creditors claim that Section 522(f) applies only to judicial liens that impair exemptions, which is not the case here, due to the numerous inconsistencies of information, values, etc. listed by the Debtor in his Schedules and Statement of Financial Affairs.

23. Adjudication of the Motion at this time would require the Court to rely upon Debtor's schedules, statements, valuations, and sworn disclosures that are now directly challenged in a pending adversary proceeding brought by the United States Trustee (also referred to as the "UST") seeking denial of discharge under 11 U.S.C. § 727.

24. Under these circumstances, Creditors respectfully submit that the Motion is premature, and that good cause exists to continue the hearing until the United States Trustee's adversary proceeding is resolved.

25. The UST alleges, among other things, that Debtor failed to disclose bank accounts, income, assets, and financial information, failed to keep or preserve adequate records, made false oaths, and failed to satisfactorily explain the loss or deficiency of assets.

26. In light of the UST Adversary Complaint, those same schedules, statements, and disclosures are now squarely in dispute, and Debtor's credibility and completeness of disclosure are central issues yet to be

adjudicated, which could very well impact the determination of not just the values reported by the Debtor as to the value in his homestead, but also the Creditor to contest the impairment claim.

27. The outcome of UST proceeding bears directly on the reliability of the evidentiary foundation underlying the Debtor's Motion.

28. Continuing and/or delaying the hearing on this Motion would promote judicial economy, avoid potentially inconsistent findings, and preserve due process for all parties.

29. The Creditors are not seeking to delay these proceedings for improper purposes; rather, they seek to ensure that any determination under § 522 is made on a complete and reliable factual record.

## CONCLUSION

WHEREFORE, Creditors respectfully request that the Court:

30. Deny the Debtor's Motion to Avoid Judicial Lien;

31. Determine that Creditors' lien remains valid, perfected, and enforceable;

32. Continuing and/or delaying the hearing on this Motion in light of the UST Adversary Complaint, which would promote judicial economy, avoid potentially inconsistent findings, and preserve due process for all parties;

33. In alternative, should the Court grant the Debtor's Motion or does not continue and/or delay the hearing on said Motion, the Creditors request that any order granted in favor of the Debtor on this issue is only related to the Bryan Co. Property to be known as his homestead and not any other property in that county and not the Carter Co. Property; and

34. Grant such other and further relief as the Court deems just and proper.

WHEREFORE, the Creditors', Michael and Tamara Gearhart, objection to Debtor's Motion to Avoid Judicial Lien should be granted and Debtor's requested relief should be denied. Creditors pray that the Court enter an Order finding that all indebtedness owed by the Debtor as to the Creditors' judgment against the Debtor, as well as its judgment lien on Debtor's/Debtor's real property, to remain intact and not avoided, their reasonable attorney fees and cost, and for any other relief this Court finds just and equitable in favor of the Creditors.

Respectfully submitted,

/s/ L. Todd Nalagan
L. Todd Nalagan, OBA No. 18119
Law Office Of L Todd Nalagan PLLC
3750 W. Main St., Ste. AA
Norman, OK 73072
Telephone: (405) 253-4905
Facsimile: (866) 260-5899
Lnalagan1@cox.net
Attorney for the Creditors, Michael and Tamara Gearhart

## CERTIFICATE OF SERVICE

This shall certify that on this \_\_\_\_<sup>th</sup> day of January, 2026, true and correct copies of the above and foregoing were sent via electronically to the following parties registered for ECF in this case:

Kelly G. Loud
Chapter 7 Trustee

U.S. Trustee
United State Trustee
224 S. BOULDER AVENUE, ROOM 225
TULSA, OK 74103

                                            /s/ L. Todd Nalagan
                                            L. Todd Nalagan

## CERTIFICATE OF SERVICE

This shall certify that on this \_\_\_\_<sup>th</sup> day of January, 2026, true and correct copies of the above and foregoing were sent first class mail, postage pre-paid, to the following parties registered for ECF in this case:

Anthony Wayne Headrick Devore
c/o Ron D. Brown
1609 E. 4th St.
Tulsa, Oklahoma 74120
Email: ron@ronbrownlaw.com
(918) 585-9500 Telephone
Attorney for Debtor

                                            /s/ L. Todd Nalagan
                                            L. Todd Nalagan